FILED

**NOT FOR PUBLICATION**

JUL 28 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| EDVIN ECHEVERRIA-LOPEZ, AKA Edvin Echejerria-Lopez, AKA Edvin Candido Echeverria-Lopez, AKA Ricardo Merina, <br><br>       Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br>       Respondent. | No. 13-73260 <br><br> Agency No. A205-529-696 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 21, 2015[**]

Before:    CANBY, BEA, and MURGUIA, Circuit Judges.

Edvin Echeverria-Lopez, a native and citizen of Guatemala, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 624 F.3d 1066, 1070 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

The BIA and IJ noted that Echeverria-Lopez stipulated that his asylum claim was time-barred, and Echeverria-Lopez has not challenged this dispositive finding. *See Martinez-Serrano v. INS,* 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues which are not specifically raised and argued in a party's opening brief are waived). Thus, we deny the petition as to Echeverria-Lopez's asylum claim.

Substantial evidence supports the agency's determination that Echeverria-Lopez did not establish that he suffered past persecution in Guatemala, and that he failed to establish it is more probable than not that he would be persecuted if returned to Guatemala. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182, 1185 (9th Cir. 2003) (record did not compel finding of past persecution; to qualify for withholding of removal, petitioner must show that it is more probable than not that he would suffer future persecution). Thus, Echeverria-Lopez's withholding of removal claim fails.

13-73260

Substantial evidence also supports the agency's denial of CAT relief because Echeverria-Lopez failed to demonstrate it is more likely than not he would be tortured by or with the consent or acquiescence of a public official in Guatemala. *See Silaya*, 524 F.3d at 1073.

Finally, we lack jurisdiction to consider Echeverria-Lopez's request for prosecutorial discretion. *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (order). As noted by the BIA, Echeverria-Lopez did not apply for cancellation of removal. Thus, we also lack jurisdiction to consider Echeverria-Lopez's contentions regarding eligibility for cancellation of removal. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**